# IN THE COURT OF APPEALS OF IOWA

No. 21-0460
Filed July 21, 2021

**IN THE INTEREST OF K.M. AND A.E.,**
**Minor Children,**

**A.C., Mother,**
　　Appellant.

_____

Appeal from the Iowa District Court for Humboldt County, Joseph L. Tofilon, District Associate Judge.

A mother appeals the district court order terminating her parental rights. **AFFIRMED.**

Brandon J. Dodgen of Conrad & Lemmenes, Humboldt, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Sarah J. Livingston, Fort Dodge, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

## I. Background Facts & Proceedings

A.C. is the mother of A.E., born in 2011, and K.M., born in 2015.[1] The children were removed from the mother's custody on November 18, 2019, following a report that A.E. was sexually abused by one of the mother's friends.[2] There were also concerns that the mother was using controlled substances while caring for the children. In December 2019, the mother tested positive for methamphetamine and amphetamines. The children were initially placed with K.M.'s paternal grandfather and then later placed with a paternal uncle.

On February 25, 2020, the children were adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) (2019). On the same day as the adjudication, the mother was arrested on charges of sexual abuse in the third degree, sexual exploitation of a minor, and prostitution. She pled guilty to prostitution and was placed on probation. The mother tested positive for methamphetamine on June 18.

The Iowa Department of Human Services (DHS) received a sealed no-contact order. Believing the no-contact order was for these children, DHS did not permit the mother to have visitation with the children for approximately two months. On August 11, DHS learned the no-contact order pertained to the minor involved in the charge of sexual exploitation of a minor and not these children. DHS then

---

[1] The father of A.E. is J.E. His parental rights were terminated, and he did not appeal. At the termination hearing, the parties agreed the father of K.M., Ky.M., should be given an additional six months to work on reunification.

[2] There was also a report that K.M. was sexually abused by an unknown person in March 2020. Both A.E., age nine years, and K.M., age five years, tested positive for a sexually transmitted disease.

offered visitation to the mother, but she was inconsistent in attending visits. In the seven months preceding the termination hearing, the mother exercised five visits. The mother began a substance-abuse treatment program in July but was unsuccessfully discharged in September due to lack of attendance.

On November 20, the State filed a petition seeking termination of the mother's parental rights. She entered an inpatient substance-abuse treatment program in December. She completed the program and moved to an outpatient program in January 2021. The mother moved to a different city in February. She quit attending outpatient substance-abuse treatment and visitation with the children.

The termination hearing was held on March 19. The mother testified she had not seen the children since the end of January, stating she had "[j]ust been focusing on myself really, trying to get myself together." She stated she used K2, synthetic marijuana, on January 27. The mother conceded she would not be able to have the children returned to her at the time of the hearing. She asked for more time to work on reunification with the children.

The district court terminated the mother's parental rights under section 232.116(1)(e) and (f) (2020). The court found:

> There is clear and convincing evidence that the children cannot be returned to the custody of the mother. She admitted during the hearing that she is not presently in a position where [K.M.] and [A.E.] can be returned to her. [The mother] still suffers from substance abuse and mental health issues. Furthermore, she does not have sufficient insight into the trauma and mental health issues suffered by her children. The children are in need of a stable home with dependable caretakers so they can fully heal and she cannot yet provide such an environment.

The court determined termination of the mother's parental rights was in the children's best interests. The court also determined none of the exceptions to termination found in section 232.116(3) should be applied. The court denied the mother's request for an extension of time, finding it was "unable to find any likelihood that the need for removal of the children will no longer exist at the end of an additional six-month period." The mother appeals the termination of her parental rights.[3]

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.     Sufficiency of the Evidence

The mother claims the State did not present sufficient evidence to support termination of her parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the

---

[3] The mother's appeal was untimely by one day under Iowa Rule of Appellate Procedure 6.101(1)(a). The Iowa Supreme Court granted the mother's motion for a delayed appeal, noting her attorney had erroneously calculated the time for filing the notice of appeal. After a request for review by a three-justice panel, the order granting the delayed appeal was confirmed. The case was subsequently transferred to the Iowa Court of Appeals.

juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We focus on the termination of the mother's parental rights under section 232.116(1)(f).[4]

During the termination hearing, the mother testified she was not ready to have the children returned to her care. In her petition on appeal, she also states "she is not presently in a position where her children can be returned to her." In applying section 232.116(1)(f), we consider whether the child could be safely returned to the parent's care at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). The mother does not dispute the other elements of section 232.116(1)(f). We conclude the district court properly found that the statutory elements of section 232.116(1)(f) had been met and the mother's parental rights could be terminated on this ground.

## IV. Best Interests

**A.** The mother claims termination of her parental rights is not in the children's best interests. She states that she is engaged in treatment for substance abuse, participating in mental-health therapy, attending visitation, and maintaining

---

[4] A parent's rights may be terminated under section 232.116(1)(f) if the court finds:
    (1) The child is four years of age or older.
    (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

employment. She asserts that the children should have the opportunity to stay in her care.

In considering the children's best interests, we give "primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional needs of the child[ren] under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

The mother's choice to have a drug-using acquaintance in the home led to the sexual abuse of A.E. The criminal charges against the mother involved the exchange of sex acts with a minor for drugs. The mother was still using illegal substances about one and one-half months before the termination hearing. The mother is not able to provide the stability the children need. As recognized by the district court, both children have been victims of profound trauma and abuse. Both children are now engaged in therapy. The district court noted, "[The mother] does not appear to have genuine insight into the mental health problems of her children." We find termination of the mother's parental rights is in the children's best interests.

**B.** As part of the mother's arguments concerning the children's best interests, she contends that termination of her parental rights would be detrimental to the children due to the children's bond with her. This argument appears to invoke an exception to termination found in section 232.116(3)(c). A court need not terminate a parent's rights if "[t]here is clear and convincing evidence that the

termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c).

"The factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *Id.* (citing *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)).

The district court concluded, "t[T]here has been no clear and convincing evidence that the termination of [the mother's] parental rights would be detrimental to the children at this time due to the closeness of any parent-child relationship." We agree with the district court's conclusion. The evidence does not show termination of the mother's parental rights would be detrimental to the children. To the contrary, we have determined that termination of the mother's parental rights is in the children's best interests.

## V.    Extension of Time

The mother asserts she should be given an additional six months to work on reunification with the children. She states "that despite previous failings, she was well along the path to addressing her mental health and substance abuse needs." She states she has not used illegal drugs since January 27, 2021. She claims the children could be returned to her care in the near future.

The court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an

order to extend the time for reunification in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." Iowa Code §§ 232.104(2)(b); 232.117(5).

The district court found:

> The request of the mother for additional time to seek reunification is denied. The Court is unable to find any likelihood that the need for removal of the children will no longer exist at the end of an additional six-month period. The children were removed from the mother's custody and care over 16 months ago and she is no closer to reunification than she was on the date of the removal.

We agree with the court's conclusion that it was unlikely the children could be returned to the mother's care after six months. The mother was still struggling to overcome her substance-abuse problems. She was still addressing her mental-health issues. Furthermore, the mother has not shown she was capable of helping the children deal with their significant trauma. We find the district court properly denied the mother's request for a six-month extension in this case. Accordingly, we affirm the district court's order terminating the mother's parental rights.

**AFFIRMED.**